IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00319-MR

| | |
|---|---|
| JIMMY LOWERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| McDOWELL COUNTY SUPERIOR ) | |
| COURT, MELISSA ADAMS, RONDA ) | |
| DOBSON, and LEANNA LYNCH, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Plaintiff's Amended Complaint [Doc. 9]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 15].

I. **BACKGROUND**

The Plaintiff, who is proceeding *pro se*, is a prisoner of the State of North Carolina. On September 17, 2018, the United States District Court for the Eastern District of North Carolina docketed a letter from the Plaintiff as a civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. 1]. On November 6, 2018, the Eastern District transferred the case to this Court, where venue is proper. [Doc. 5].

On November 13, 2018, this Court[1] entered an Order directing the Plaintiff to either file an application to proceed without prepayment of fees or pay the filing fee of $400.00. [Doc. 7]. The Court further directed the Plaintiff to submit his complaint on the form approved for use in this Court. [Id.]. The Plaintiff subsequently filed an application to proceed without prepayment of fees and an Amended Complaint. [Docs. 8, 9]. In his Amended Complaint, the Plaintiff names as Defendants: the McDowell County Superior Court; McDowell County Superior Court Clerk Melissa Adams; Assistant Clerk of McDowell County Superior Court Ronda Dobson; and court reporter Leanna Lynch. [Doc. 9]. This matter is now before the Court for initial review.

In his Amended Complaint, the Plaintiff alleges that in August 2018, he mailed a "Motion for Preparation of a Stenographic Transcript" to the McDowell County Superior Court Clerk, Melissa Adams, for filing. [Doc. 9 at 5]. The Plaintiff asserts that he needed to obtain the transcript of his guilty plea hearing in order to help him prepare a motion for appropriate relief ("MAR") in which he could challenge his state criminal conviction. [Id.]. The Plaintiff alleges that Adams "did not file [his] motion" but instead "handed it

---

[1] The Honorable Frank D. Whitney, United States District Judge, presiding. This matter was subsequently reassigned to the undersigned.

down to" Assistant Clerk of Court Ronda Dobson. [Id.]. The Plaintiff alleges that Dobson[2] did not file his motion either, but instead provided him with the name and address of the court reporter, Leanna Lynch. [Id. at 5-6]. The Plaintiff alleges that Lynch "has not got[ten] back with" him about his request despite multiple attempts to reach her. [Id.].

Based on these allegations, the Plaintiff claims that he has been denied his constitutional rights of due process and access to the courts. [Id. at 7]. He asserts that the Defendants' actions have caused him "a lot of emotional distress," and that such actions "can possibly hinder [him] getting into Court to challenge [his] wrongful verdict of guilty, which can hurt [his] chances of getting [his] conviction over turned." [Id. at 8]. For relief, the Plaintiff seeks a "mandatory injunction" requiring the McDowell County Superior Court to file his motion and to prepare the transcript of his guilty plea hearing free of charge. [Id. at 9]. He also requests that his MAR be "accepted and entered" and that he be granted a change of venue (presumably for any future criminal proceedings). [Id.].

---

[2] The Plaintiff alleges that Dobson is his daughter's aunt, and that Dobson "hates [his] guts" and "doesn't want [him] out of prison." [Id. at 5, 10].

3

Case 1:18-cv-00319-MR   Document 20   Filed 10/13/20   Page 3 of 7

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, the Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a plaintiff's clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States,

4

and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

It is well-recognized that the intentional or deliberate interference with a prisoner's right of access to the courts may give rise to a civil rights claim under § 1983. See Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995). Whether stated as a due process violation under the Fourteenth Amendment or as a denial of access to the courts in violation of the First Amendment, a claim based on the refusal to file a pleading must allege intentional or deliberate behavior: mere negligent conduct is not sufficient to state a claim for a constitutional violation. Id. at 74; see also Daniels v. Williams, 474 U.S. 327, 330 (1986) (holding that due process violation requires showing of "affirmative abuse of power") (citing Parratt v. Taylor, 451 U.S. 527, 548-49 (1981)).

Here, the Plaintiff alleges that Defendant Adams did not file his motion, but rather "handed it down to" Defendant Dobson, an assistant clerk of court. The Plaintiff alleges that Dobson did not file his motion but instead provided him with the contact information for Defendant Lynch, the court reporter. The Plaintiff then alleges that Defendant Lynch did not respond to his multiple attempts to contact her. Absent from these allegations is any plausible assertion that the failure to file his motion was the result of any "affirmative

5

abuse of governmental power" necessary to show an intentional or deliberation deprivation of his constitutional rights.[3] At most, the Plaintiff has alleged mere negligence on the part of these Defendants. This simply is not sufficient to state a claim for a violation of due process or a denial of access to the courts.

Additionally, in order to state a claim for denial of access to the courts, the Plaintiff must allege a specific injury resulting from the alleged deprivation. Lewis v. Casey, 518 U.S. 343, 349 (1996). "The Plaintiff must make specific allegations as to the actual injury sustained." Sykes v. Huggins, No. 4:08-03937-RBH, 2009 WL 250103, at *3 (D.S.C. Jan. 29, 2009). Here, the Plaintiff states only conclusory allegations of injury arising from the alleged denial of access to the courts. The Plaintiff asserts, in a conclusory manner, that the alleged failure to file his motion "can *possibly* hinder" him from filing an MAR with the state court. [Doc. 9 at 8 (emphasis added)]. Such broad, speculative allegations are insufficient to establish the existence of a specific injury resulting from the Defendants' actions.

---

[3] While the Plaintiff alleges that Dobson had some personal animosity against him, he fails to allege that her actions, in referring the Plaintiff to the court reporter, was an intentional or deliberate deprivation of his constitutional rights.

## IV. CONCLUSION

For all these reasons, the Court concludes that the Plaintiff has failed to state a claim against any Defendant. The Court will allow the Plaintiff thirty (30) days to file a Second Amended Complaint, if he so chooses, in order to correct its deficiencies and properly state a claim upon which relief can be granted. Should the Plaintiff fail to timely file a Second Amended Complaint, this action will be dismissed without prejudice and without further notice to the Plaintiff.

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall have thirty (30) days in which to file a Second Amended Complaint in accordance with the terms of this Order. If the Plaintiff fails to file a Second Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.

**IT IS FURTHER ORDERED** that the Clerk is instructed to mail the Plaintiff a blank prisoner § 1983 complaint form along with a copy of this Order.

**IT IS SO ORDERED**.

Signed: October 12, 2020

Martin Reidinger
Chief United States District Judge