IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00319-MR

| | |
|---|---|
| JIMMY LOWERY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> McDOWELL COUNTY SUPERIOR ) <br> COURT, MELISSA ADAMS, RONDA ) <br> DOBSON, and LEANNA LYNCH, ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on initial review of the Plaintiff's Second Amended Complaint [Doc. 21]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 15].

## I.    BACKGROUND

The Plaintiff, who is proceeding *pro se*, is a prisoner of the State of North Carolina. On September 17, 2018, the United States District Court for the Eastern District of North Carolina docketed a letter from the Plaintiff as a civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. 1]. On November 6, 2018, the Eastern District transferred the case to this Court, where venue is proper. [Doc. 5].

On November 13, 2018, this Court[1] entered an Order directing the Plaintiff to either file an application to proceed without prepayment of fees or pay the filing fee of $400.00. [Doc. 7]. The Court further directed the Plaintiff to submit his complaint on the form approved for use in this Court. [Id.]. The Plaintiff subsequently filed an application to proceed without prepayment of fees and an Amended Complaint. [Docs. 8, 9]. In his Amended Complaint, the Plaintiff named as Defendants: the McDowell County Superior Court; McDowell County Superior Court Clerk Melissa Adams; Assistant Clerk of McDowell County Superior Court Ronda Dobson; and court reporter Leanna Lynch. [Doc. 9].

In his Amended Complaint, the Plaintiff alleged that in August 2018, he mailed a "Motion for Preparation of a Stenographic Transcript" to the McDowell County Superior Court Clerk, Melissa Adams, for filing. [Doc. 9 at 5]. The Plaintiff asserted that he needed to obtain the transcript of his guilty plea hearing in order to help him prepare a motion for appropriate relief ("MAR") in which he could challenge his state criminal conviction. [Id.]. The Plaintiff alleged that Adams "did not file [his] motion" but instead "handed it

---

[1] The Honorable Frank D. Whitney, United States District Judge, presiding. This matter was subsequently reassigned to the undersigned.

down to" Assistant Clerk of Court Ronda Dobson. [Id.]. The Plaintiff alleged that Dobson[2] did not file his motion either, but instead provided him with the name and address of the court reporter, Leanna Lynch. [Id. at 5-6]. The Plaintiff alleged that Lynch "has not got[ten] back with" him about his request despite multiple attempts to reach her. [Id.].

Based on these allegations, the Plaintiff claimed that he had been denied his constitutional rights of due process and access to the courts. [Id. at 7]. He asserted that the Defendants' actions have caused him "a lot of emotional distress," and that such actions "can possibly hinder [him] getting into Court to challenge [his] wrongful verdict of guilty, which can hurt [his] chances of getting [his] conviction over turned." [Id. at 8]. For relief, the Plaintiff sought a "mandatory injunction" requiring the McDowell County Superior Court to file his motion and to prepare the transcript of his guilty plea hearing free of charge. [Id. at 9]. He also requested that his MAR be "accepted and entered" and that he be granted a change of venue (presumably for any future criminal proceedings). [Id.].

---

[2] The Plaintiff alleges that Dobson is his daughter's aunt, and that Dobson "hates [his] guts" and "doesn't want [him] out of prison." [Id. at 5, 10].

3

On initial review, the Court noted that the Plaintiff had failed to make any plausible assertion that the failure to file his motion was the result of any "affirmative abuse of governmental power" necessary to show an intentional or deliberate deprivation of his constitutional rights. [Id. at 5-6]. Additionally, the Court noted that the Plaintiff had failed to allege any specific injury resulting from the alleged deprivation. [Id. at 6]. For these reasons, the Court concluded that the Plaintiff had failed to state a claim against any Defendant and gave him thirty (30) days to file a Second Amended Complaint correcting these deficiencies. [Id. at 7]. The Plaintiff filed his Second Amended Complaint on October 30, 2020. [Doc. 21].

In his Second Amended Complaint, the Plaintiff reasserts the same allegations against the Defendants. [Doc. 21 at 5-8]. He additionally alleges that the Defendants' refusal to process and/or file his motion constitutes "an abuse of power and [was] intentionally deliberate." [Id.]. He further contends that the Defendants' failure to file his motion and/or provide him the requested materials "prevents him from filing an MAR or state habeas petition, based on newly found evidence." [Id. at 6].

4

Case 1:18-cv-00319-MR   Document 22   Filed 11/23/20   Page 4 of 9

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, the Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a plaintiff's clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States,

5

and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As the Court previously noted [Doc. 20 at 4-5], the intentional or deliberate interference with a prisoner's right of access to the courts may give rise to a civil rights claim under § 1983. See Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995). Whether stated as a due process violation under the Fourteenth Amendment or as a denial of access to the courts in violation of the First Amendment, a claim based on the refusal to file a pleading must allege intentional or deliberate behavior: mere negligent conduct is not sufficient to state a claim for a constitutional violation. Id. at 74; see also Daniels v. Williams, 474 U.S. 327, 330 (1986) (holding that due process violation requires showing of "affirmative abuse of power") (citing Parratt v. Taylor, 451 U.S. 527, 548-49 (1981)).

Here, the Plaintiff alleges that Defendant Adams did not file his motion, but rather passed it onto Defendant Dobson, an assistant clerk of court. The Plaintiff alleges that Dobson intentionally did not file his motion but instead provided him with the contact information for Defendant Lynch, the court reporter. The Plaintiff then alleges that Defendant Lynch did not respond to his multiple attempts to contact her. He then alleges in a conclusory manner that the Defendants' actions were deliberately indifferent and an abuse of

6

power. The Defendant still has not made any plausible allegation that the failure to file his motion was the result of an intentional or deliberate deprivation of his constitutional rights. It is not enough for a plaintiff to merely recite the elements of a cause of action. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (citation and internal quotation marks omitted). Plaintiff alleges that Defendant Adams delegated the responsibility of addressing Plaintiff's transcript order to another official. That does not plausibly state a claim for a deliberate deprivation of rights. Notwithstanding Plaintiff's allegations of Defendant Dobson's motive for interfering with Plaintiff's rights, Plaintiff alleges that Defendant Dobson provided Plaintiff with the means by which he could proceed with the prosecution of his MAR. Therefore, Plaintiff fails to state a claim against Defendant Dobson for denial of access. As for Defendant Lynch, Plaintiff alleges no facts whereby her actions can plausibly be considered a deliberate abuse of power. As such, the claims Plaintiff seeks to assert against each of the Defendant fail of their own merits. Accordingly, the Court concludes that the Plaintiff has failed to state a claim for the deprivation of his constitutional rights by any of the named Defendants.

Additionally, in order to state a claim for denial of access to the courts, the Plaintiff must allege a specific injury resulting from the alleged deprivation. Lewis v. Casey, 518 U.S. 343, 349 (1996). "The Plaintiff must make specific allegations as to the actual injury sustained." Sykes v. Huggins, No. 4:08-03937-RBH, 2009 WL 250103, at *3 (D.S.C. Jan. 29, 2009). Here, the Plaintiff states, in a conclusory manner, that the alleged failure to file his motion has prevented him from filing an MAR or state habeas petition "based on newly found evidence." [Doc. 21 at 8]. However, any information contained within the plea transcript would not, by its nature, constitute newly discovered evidence. The Plaintiff still fails to make specific allegations to support his contention that the deprivation of the requested transcript has precluded him from initiating any post-conviction proceedings. As such, the Plaintiff has failed to properly allege the existence of a specific injury resulting from the Defendants' actions.

## IV. CONCLUSION

For all these reasons, the Court concludes that the Plaintiff has failed to state a claim against any Defendant. Accordingly, this action is hereby dismissed with prejudice. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

8

**IT IS, THEREFORE, ORDERED** that this action is hereby **DISMISSED WITH PREJUDICE**.

The Clerk of Court is respectfully directed to terminate this civil action.

**IT IS SO ORDERED**.

Signed: November 23, 2020

Martin Reidinger
Chief United States District Judge